UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLEANFISH, LLC,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>DALE SIMS, et al.,<br><br>　　　　　　Defendants. | Case No. 19-cv-03663-HSG<br><br>**ORDER DENYING MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>Re: Dkt. No. 82 |

Pending before the Court is Defendant Island Sea Farm's motion for attorneys' fees and costs. Dkt. No. 82. Defendant filed the motion after the Court dismissed without leave to amend Plaintiff's claims for violations of the Defense of Trade Secrets Act, 18 U.S.C. § 1836, and the California Uniform Trade Secrets Act, California Civil Code § 3426. *See* Dkt. No. 78.[1]

Under 18 U.S.C. § 1836(b)(3), "[i]n a civil action brought under this subsection with respect to the misappropriation of a trade secret, a court may…[i]f a claim of the misappropriation is made in bad faith…award reasonable attorney's fees to the prevailing party." Similarly, under California Civil Code § 3426.4, "[i]f a claim of misappropriation is made in bad faith…the court may award reasonable attorney's fees and costs to the prevailing party." "California courts have held that bad faith 'requires objective speciousness of the plaintiff's claim, as opposed to frivolousness, and its subjective bad faith in bringing or maintaining the claim.'" *Direct Techs., LLC v. Elec. Arts, Inc.*, 836 F.3d 1059, 1071 (9th Cir. 2016) (quoting *Gemini Aluminum Corp. v. Cal. Custom Shapes, Inc.*, 95 Cal.App.4th 1249, 116 Cal.Rptr.2d 358, 368 (2002)). Trial courts

---

[1] The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b).

have broad discretion in ruling on fees motions. *See Gemini*, 95 Cal. App. 4th at 1262; *M.A. Mobile Ltd. v. Indian Inst. of Tech. Kharagpur*, No. 3:08-CV-02658-WHO, 2019 WL 6525752, at *1 (N.D. Cal. Dec. 4, 2019)

    Defendant argues that Plaintiff's claims were specious, and that Plaintiff was aware from the outset that its claims lacked a factual and legal basis. Dkt. No. 82-1 1:14-15. The facts that Defendant relies on in its motion show weaknesses in Plaintiff's case, but those weaknesses do not establish objective speciousness. Although the Court found that Plaintiff failed to satisfy pleading requirements, the Court's motion to dismiss order also does not establish speciousness. Nor is there evidence to support a finding of subjective bad faith. Defendant contends that the Court should infer bad faith because Plaintiff was unable to adequately plead a misappropriation claim and Defendant repeatedly advised Plaintiff of the shortcomings of its claims. *Id.* 11:3-5. But Plaintiff's decision to pursue its claims despite Defendant's insistence that the claims lacked merit does not establish subjective bad faith.

    Accordingly, the Court **DENIES** the motion for attorneys' fees and costs.

**IT IS SO ORDERED.**

Dated: 12/15/2020

HAYWOOD S. GILLIAM, JR.
United States District Judge